FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ANTON SENDEROV; and LIOR BABAZARA, also known as Lior Bar,<br><br>Defendants. | NO: 4:19-CV-5242-RMP<br><br>ORDER GRANTING FINAL MOTION TO APPROVE CONSENT JUDGMENT AND ENTRY OF CONSENT JUDGMENT AS TO DEFENDANT LIOR BABAZARA a/k/a/ LIOR BAR |

BEFORE THE COURT is a Motion to Approve Consent Judgments from Plaintiff Securities and Exchange Commission, ECF No. 8. The Court has reviewed the Motion, proposed Final Judgments, and the attached Consents to those Final Judgments signed by Defendants in this matter. Accordingly, the Court **GRANTS** the Motion to Approve Consent Judgments, **ECF No. 8**, and **ENTERS** a Final Consent Judgment according to the following terms:

The United States Securities and Exchange Commission having filed the Complaint and Defendant Lior Babazara a/k/a Lior Bar ("Defendant" or "Babazara")

ORDER GRANTING FINAL MOTION TO APPROVE CONSENT JUDGMENT AND ENTRY OF CONSENT JUDGMENT AS TO DEFENDANT LIOR BABAZARA a/k/a/ LIOR BAR~ 1

having waived service of a summons and the Complaint through counsel; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from:

(1) directly or indirectly, in the absence of any applicable exemption, offering and/or selling "binary options," financial instruments that expire at a predetermined time where the payout is contingent on the future value of an underlying asset such as a security or securities index, (hereinafter, "binary options"), or other securities, in the United States unless a registration statement is in effect as to such binary options;

(2) directly or indirectly offering and/or selling such binary options or other securities in the United States as long as there is any amount due and owing by the Defendant under the Judgment; or

(3) violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e] by, directly or indirectly, in the absence of any applicable exemption:

(i) making use of any means or instruments of transportation or communication in interstate commerce or of the mails in the United States to sell a security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to such security;

(ii) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such security; or

(iii) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h], in violation of Section 5 of the Securities Act [15 U.S.C. §§ 77e].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

ORDER GRANTING FINAL MOTION TO APPROVE CONSENT JUDGMENT AND ENTRY OF CONSENT JUDGMENT AS TO DEFENDANT LIOR BABAZARA a/k/a/ LIOR BAR~ 3

attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that that Defendant is permanently restrained and enjoined from , directly or indirectly, unless Defendant is registered with the SEC in accordance with Section 15(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(b)], and in the absence of any applicable exemption, acting as a broker-dealer in the United States or otherwise making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, binary options or any other security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) in the United States, in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

ORDER GRANTING FINAL MOTION TO APPROVE CONSENT JUDGMENT AND ENTRY OF CONSENT JUDGMENT AS TO DEFENDANT LIOR BABAZARA a/k/a/ LIOR BAR~ 4

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

ORDER GRANTING FINAL MOTION TO APPROVE CONSENT JUDGMENT AND ENTRY OF CONSENT JUDGMENT AS TO DEFENDANT LIOR BABAZARA a/k/a/ LIOR BAR~ 5

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is jointly and severally liable with Defendant Anton Senderov for disgorgement and pre-judgment interest in the amount of $560,773.00, representing profits gained as a result of the conduct alleged in the Complaint. Defendant is further liable for a civil penalty in the amount of $350,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying the Securities and Exchange pursuant to the terms of the payment schedule set forth below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

ORDER GRANTING FINAL MOTION TO APPROVE CONSENT JUDGMENT AND ENTRY OF CONSENT JUDGMENT AS TO DEFENDANT LIOR BABAZARA a/k/a/ LIOR BAR~ 6

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Lior Babazara as defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

ORDER GRANTING FINAL MOTION TO APPROVE CONSENT JUDGMENT AND ENTRY OF CONSENT JUDGMENT AS TO DEFENDANT LIOR BABAZARA a/k/a/ LIOR BAR~ 7

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay the total of disgorgement, prejudgment interest, and civil

ORDER GRANTING FINAL MOTION TO APPROVE CONSENT JUDGMENT AND ENTRY OF CONSENT JUDGMENT AS TO DEFENDANT LIOR BABAZARA a/k/a/ LIOR BAR~ 8

penalty to the Commission according to the following schedule: (1) $200,000 as partial payment of Defendant's $350,000.00 civil penalty within 14 days of entry of this Final Judgment; (2) 60 days following the entry of this Final Judgment, $50,000.00 shall be due and applied toward the Defendant's penalty balance; (3) every additional 60 days following entry of this Final Judgment, Defendant shall pay not less than $50,000.00, which shall be applied first to the Defendant's outstanding civil penalty until it is paid in full and thereafter shall be applied to the disgorgement and prejudgment interest of $560,773.00 owed by Defendant jointly and severally by with co-Defendant Lior Babazara a/k/a Lior Bar, until that amount is paid in full. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days from the entry of this Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that within 14 days after entry of this Final Judgment, Defendant's counsel, Saul Ewing Arnstein & Lehr ("Saul Ewing"), shall transfer not less than $200,000 received from Defendant for payment of this Final Judgment, or held for the benefit of Defendant for payment of this Final Judgment, representing proceeds from certain allegations in the Complaint, to the Commission. Saul Ewing may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Saul Ewing also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Lior Babazara as defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

/ / /

/ / /

ORDER GRANTING FINAL MOTION TO APPROVE CONSENT JUDGMENT AND ENTRY OF CONSENT JUDGMENT AS TO DEFENDANT LIOR BABAZARA a/k/a/ LIOR BAR~ 10

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

/ / /

/ / /

ORDER GRANTING FINAL MOTION TO APPROVE CONSENT JUDGMENT AND ENTRY OF CONSENT JUDGMENT AS TO DEFENDANT LIOR BABAZARA a/k/a/ LIOR BAR~ 11

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and Consent Judgment and provide copies to counsel.

**DATED** August 27, 2020.

> *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> United States District Judge

ORDER GRANTING FINAL MOTION TO APPROVE CONSENT JUDGMENT AND ENTRY OF CONSENT JUDGMENT AS TO DEFENDANT LIOR BABAZARA a/k/a/ LIOR BAR~ 12